EMORY J. SMITH and CLARENCE P. SMITH, for defendant in error.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

## Abstract of the Decision.

INSURANCE, § 436—*when refusal to dismiss action prematurely brought is erroneous.* In an action on an insurance policy providing that no amount payable thereunder should be due until sixty days after proofs of death were furnished, it is error to deny a motion to dismiss where it appears that the action was commenced eighteen days after the date of death, and before any proofs of death had been furnished.

---

**John B. Smith, Administrator, Appellee, v. Peter Schoenhofen Brewing Company, Appellant.**

**Gen. No. 22,311.   (Not to be reported in full.)**

Appeal from the Superior Court of Cook county; the Hon. JOSEPH H. FITCH, Judge, presiding. Heard in this court at the March term, 1916.   Reversed with finding of fact.   Opinion filed October 30, 1916.

## Statement of the Case.

Action by John B. Smith, administrator of the estate of Alfred Smith, deceased, plaintiff, against the Peter Schoenhofen Brewing Company, a corporation, defendant, in the Superior Court of Cook county, to recover for the death of plaintiff's intestate as a result of injuries sustained by being run over by a heavy truck belonging to defendant. From a judgment for plaintiff for $6,000, defendant appeals.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

There have been three trials of this cause, in two of which the jury disagreed. Four disinterested eyewitnesses testified substantially that the loaded truck was going south on Union avenue at a moderate rate of speed; that it was making considerable noise; that deceased was walking south on Union avenue on the west sidewalk between 33rd and 34th streets; that as the truck approached, the boy ran out in the street in a southeasterly direction, and for about ten feet ran alongside the truck behind the front wheels, then caught hold of it near its center on the right side and hung there a short time, and then, seeming to lose his hold, fell down in front of the rear wheel, which passed over him. Testimony of these witnesses was unanimous that the front part of the truck had passed deceased when he left the curb, and that he was at no time in front of the front wheels of the truck after he got out in the street, and that the point where he grabbed hold of the truck was behind the driver's seat.

The chauffeur gave substantially similar testimony. There was no testimony in direct conflict with that adduced by defendant, though three witnesses gave testimony from which it was sought to be inferred that deceased was in front of the truck when struck.

MILLER, GORHAM & WALES, for appellant.

CHARLES W. STIEFEL and JOHN B. HEINEMANN, for appellee.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

### Abstract of the Decision.

AUTOMOBILES AND GARAGES, § 3*—*when evidence shows driver not negligent.* In an action to recover for the death of a boy fourteen

years of age, by reason of injuries sustained by being run over by a heavy truck, evidence examined and *held* to show that the driver of the truck was not negligent.

---

## James R. Hills, Appellant, v. Joseph Hopp, Appellee.

### Gen. No. 22,314. (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. CHARLES N. GOODNOW, Judge, presiding. Heard in this court at the March term, 1916. Reversed and remanded. Opinion filed October 30, 1916. Rehearing denied November 13, 1916.

### Statement of the Case.

Action by James R. Hills, plaintiff, against Joseph Hopp, defendant, in the Municipal Court of Chicago, to recover on an alleged verbal agreement to repurchase stock sold to plaintiff. From a judgment for defendant, plaintiff appeals.

FREDERICK A. BANGS, for appellant; RICHARD H. COLBY, of counsel.

BURKHALTER, GROSSBERG & NEWFIELD, for appellee.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

### Abstract of the Decision.

1. EVIDENCE—*when exclusion of parol evidence contradicting memorandum erroneous.* In an action to recover for breach of a parol contract to repurchase stock assigned by defendant to plaintiff, it appeared that plaintiff received a certain certificate, assigned in blank, and surrendered it for cancellation, receiving a new cer-